IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| USA,<br><br>    Plaintiff,<br><br>v.<br><br>OTERO,<br><br>    Defendant. | Case No. 17-cr-00118-CRB-1<br><br>**ORDER GRANTING REQUEST FOR JUDICIAL RECOMMENDATION** |

On September 20, 2017, Defendant Juan Antonio Otero filed a plea of guilty to four counts of mail fraud. Dkt. 14. On January 11, 2018, this Court sentenced him to a term of eighteen months of imprisonment and three years of supervised release. Dkt. 21. On September 13, 2018, Otero filed a motion requesting that this Court recommend him for placement in a Bureau of Prisons RRC/Halfway House. Dkt. 24; see 18 U.S.C. § 3624(c)(1).

The government has filed an opposition, Dkt. 25, stating that "[w]hile the government takes no position on whether the Court should recommend his placement in the program, the government does note that this Court lacks jurisdiction to order his placement in the program[.]" Dkt. 25 at 1. The government is correct that this Court may not require the BOP to place a defendant in an RRC or Halfway House, and that Otero has no right to such a placement. Mayes v. Tews, 2011 WL 1812526, at *2 (N.D. Cal. May 12, 2011) (quoting Rodriguez v. Smith, 541 F.3d 1180, 1185 (9th Cir. 2008)); 8 U.S.C. § 3621(b); Dkt. 25. However, courts may order the BOP to consider an inmate's request, Rodriguez, 541 F.3d at 1187, and district courts may issue non-binding recommendations that the BOP grant such a request, United States v. Ceballos, 671 F.3d 852, 855-56 (9th

1 Cir. 2011); accord United States v. Ellis, 2017 WL 4641489, at *1 (N.D. Cal. Oct. 17,
2 2017).

3 The government has taken no position on whether such a recommendation would be
4 prudent in this case. See Dkt. 25 at 1. Instead, the government argues that because Otero is
5 currently incarcerated in Mississippi, this Court lacks jurisdiction over the warden of that
6 facility, and thus over this petition. Dkt. 25. But the government's support for this
7 proposition relies on interpreting Otero's motion as a habeas petition, see Dkt. 25 (citing
8 Hernandez v. Campbell, 204 F.3d 861 (9th Cir. 2000); 28 U.S.C. § 2241). Otero does not
9 seek habeas relief; rather, he appears to seek only the type of non-binding recommendation
10 permitted under 18 U.S.C. § 3621(b)(4) (permitting the BOP to consider "any statement by
11 the court that imposed the sentence . . . recommending a type of penal or correctional
12 facility as appropriate."). As several courts have recognized, "[a] sentencing court may make
13 a recommendation that a prisoner serve a term of imprisonment in an RRC." United States v.
14 Collins, 2018 WL 1157508, at *1 (E.D. Cal. Mar. 5, 2018); see also United States v. Sutherland,
15 2018 WL 3085169, at *2 (D. Me. June 22, 2018) (listing courts that have issued orders
16 recommending release into residential reentry programs). As to that statute, the government offers
17 no jurisdictional argument. See Dkt. 25.

18 Moreover, § 3621 permits the BOP to consider "any statement *by the court that*
19 *imposed the sentence*," 18 U.S.C. § 3621(b)(4) (emphasis added), not the court that
20 happens to sit in the venue in which the BOP placed the defendant. As this Court
21 sentenced Otero, Dkt. 21, it may thus choose to issue this type of recommendation.

22 The government next argues that "Otero has failed to exhaust administrative
23 remedies as required under Bivens." Dkt. 25; see Bivens v. Six Unknown Named Agents
24 of Fed. Bureau of Narcotics, 403 U.S. 388 (1971)). But this fails for the same reason the
25 government's jurisdictional argument fails: Otero is not bringing a Bivens action; he seeks
26 only a non-binding recommendation under § 3621(b)(4). Dkt. 24. And the government
27 cites no support for the proposition that a defendant must exhaust administrative remedies
28 before seeking such a recommendation. See Dkt. 2. Indeed, since the request is for "a

statement by the court that imposed the sentence," it is unclear what type of administrative remedy could afford an equivalent result. This argument, then, also fails.

Turning to the merits of Otero's request, the Court sees no reason to deny the request, nor has the government offered one. Otero reports, and his attached documentation supports, that during his incarceration he has been a "role-model inmate." Dkt. 24. He also reports that he has completed "numerous classes for Re-Entry" including "earning [his] GED, Political Science, Entrepreneur Opportunities, Marketing, [and] Guide to Home Ownership" and has "attended United States Probation seminars for those about to be released that discuss topics along with the AUSA, as well as participating in several self-help, self-improvement and religious programs . . . Release Orientation Programming; Transitioning to the Community, Adjusting Your Attitude, Reintegrating with Your Family, Managing Your Finances, [and] Applying for a Job." Dkt. 24. In addition, he reports that he is "currently enrolled in three different RRP classes, working a job assignment, and participates in "self-help classes here at the [Prison] Camp, attend[s] Bible Study, 12 step and Alcoholic Anonymous programming, [and] Narcotics Anonymous." Dkt. 24. He states that he seeks to be placed in an RRC or Halfway House because it will allow him to "work, save money, attend classes, pay [his] restitution, pay taxes, help support [his] family" and "integrate back into society." Dkt. 24 at 2. In light of these activities, the Court believes that Otero is well suited to placement a in Bureau of Prisons RRC/Halfway House.

For the foregoing reasons, the Court GRANTS Otero's motion requesting a judicial recommendation of placement in a Bureau of Prisons RRC/Halfway House.

**IT IS SO ORDERED.**

Dated: October 11, 2018

_____
CHARLES R. BREYER
United States District Judge